UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FIFTH DIVISION

Civil Action
File No. _____

Ruth Marleen Hall Walczynski,

        Plaintiff,

vs.    **COMPLAINT**

St. Louis County,

        Defendant.

Plaintiff, Ruth Marleen Hall Walczynski for her Complaint against Defendant, St. Louis County, states the following for her Complaint and Jury Demand, and for her cause of action will respectfully show unto this Honorable Court the following:

1.    This is a civil rights action for money damages. Plaintiff has been denied rights guaranteed to her by federal law. Because of the acts and omissions of the Defendant as alleged herein, Plaintiff was sexually discriminated against in her employment when Defendant improperly refused to promote Plaintiff but instead promoted the less qualified male employees.

2.    This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. and specifically Section 2000e-5-(f)(3) and by virtue of 28 U.S.C.A. § 1331.

3.    Defendant is a political subdivision of the State of Minnesota with its offices located in Duluth, Minnesota, and Plaintiff's claims arose within the judicial district of this Court.

4.      Plaintiff Ruth Marleen Hall Walczynski is a citizen of the United States and the State of Minnesota and is over the age of eighteen (18) years. Plaintiff is a resident of Saginaw, St. Louis County, Minnesota.

5.      At all relevant times herein, Plaintiff was employed by St. Louis County.

At all times material hereto, Plaintiff was an "employee" and Defendant was her "employer" as those terms are defined by Title VII. During all times material hereto, St. Louis County employed more than 16 workers.

6.      Plaintiff Walczynski is a female worker employed by the St. Louis County's Sheriff's Department since August 11, 1979. In 1980, Plaintiff became a Sheriff's Deputy. On October 19, 1996, Plaintiff was promoted to Investigator. On May 24, 1999, Plaintiff was promoted to Sargent. Throughout Plaintiff's employment with Defendant she has received excellent performance reviews.

7.      In 2001 Plaintiff took a written promotional examination in order to qualify for promotion to Lieutenant pursuant to St. Louis County Civil Service Rules. After the written examination, Plaintiff ranked eligible for promotion in Duluth on the promotion list for the Lieutenant position. Instead of promoting Plaintiff, however, St. Louis County chose a less qualified male employee. Plaintiff alleges that the true reason she was not promoted is on account of her sex, female.

8.      In 2005 two openings for the position of Lieutenant were posted by St. Louis County throughout the Sheriff's Department. Based upon the written promotional exam, a score based on experience and training, and an oral interview by an independent panel Plaintiff was ranked first out of all applicants on the February 9, 2005 promotion list. Instead of promoting Plaintiff, St. Louis County chose to promote two less qualified male employees to Lieutenant. Plaintiff was more

qualified than the male employees promoted to Lieutenant and they both had less seniority than Plaintiff. Plaintiff alleges that the true reason she was not promoted is on account of her sex, female.

9. Prior to February 9, 2006 St. Louis County had an open Lieutenant position and was aware that there would soon be another open Lieutenant position. Plaintiff was not promoted to fill these vacant Lieutenant positions but instead the promotion list which ranked Plaintiff first for promotion to Lieutenant was allowed to expire. Plaintiff alleges that the true reason she was not promoted to these vacant Lieutenant positions and that the promotion list was allowed to expire is on account of her sex, female.

10. Plaintiff exhausted her administrative remedies with the Equal Employment Opportunity Commission, was issued a Notice of Right to Sue Letter, and initiated litigation within 90 days of receiving her Notice Letter regarding same. Attached hereto as Exhibit "A" and incorporated herein for reference is a true and correct copy of Plaintiff's Notice of Right to Sue Letter.

11. Plaintiff sues Defendant for violation for Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C.A. § 1981a, pursuant to 42 U.S.C.A. § 2000e-2(a)(1) and 2000e-2(m). Plaintiff sues for compensatory damages, mental anguish, back pay, future lost wages, and all attorney fees, court costs, and expert witness fees provided for by U.S.C.A. § 2000e-5(k) and 42 U.S.C.A. § 1988. Plaintiff sues for all damages, nominal, actual, and punitive, for which she may show herself just entitled.

12. Plaintiff would show that the conduct in this matter by St. Louis County was so egregious, intentional, and wanton that punitive damages should be awarded by the trier of fact.

13. Plaintiff demands trial by jury.

14. Plaintiff seeks such other and further relief, general and special, legal and equitable, to which she may show herself to be justly entitled.

15. Plaintiff requests costs of court.

16. Plaintiff requests prejudgment interest.

17. Plaintiff requests post judgment interest.

WHEREFORE, Plaintiff prays that Defendant answer this Complaint, and that this matter be placed upon the District Court's Civil Jury Docket, and that Plaintiff obtain all relief under the law to which she is entitled.

Dated: February 23, 2007.

ANDREW & BRANSKY, P.A.

By s/Thomas F. Andrew
Thomas F. Andrew, #2628
302 West Superior Street, Suite 300
Duluth, MN 55802
218-722-1764
218-722-6137 - Fax
Attorneys for Plaintiff